UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVIN P. RUSCH,

                                                        Plaintiff,        Case # 18-CV-132-FPG

v.                                                                      DECISION AND ORDER

ANDREW SAUL,[1]
COMMISSIONER OF SOCIAL SECURITY,

                                                        Defendant.

**INTRODUCTION**

On September 8, 2014, Plaintiff Kevin P. Rusch applied for disability insurance benefits under Title II of the Social Security Act (the Act). Tr.[2] 45. After his claim was initially denied, he testified at a video hearing before Administrative Law Judge Brian LeCours (the ALJ) on February 6, 2017. *Id.* The ALJ issued a decision finding Plaintiff not disabled on March 22, 2017. Tr. 45-54. On November 24, 2017, the Appeals Council declined to review the ALJ's decision, thereby rendering it the Commissioner's final decision. Tr. 1-4.

Plaintiff brings this appeal seeking review of that decision. ECF No. 1.[3] Both parties moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 13. For the following reasons, Plaintiff's Motion is GRANTED and the Commissioner's Motion is DENIED.

---

[1] The Clerk of Court is directed to amend the caption to name the current Commissioner of Social Security, Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d).

[2] "Tr." refers to the administrative record in this matter. ECF No. 7.

[3] The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff alleges disability beginning on April 5, 2014, based on the following severe impairments: mild degenerative disc disease, chronic obstructive pulmonary disease (COPD), status post-abdominal aortic aneurysm repair, peripheral artery disease with status post-redone left groin dissection, a redone right groin dissection and left iliofemoral endarterectomy, and Raynaud's disease. Tr. 45, 49.

While conducting the requisite five-step analysis[4] regarding Plaintiff's severe impairments, the ALJ considered Plaintiff's medical records, which included notes and raw medical data from Plaintiff's treating sources. Tr. 49-51. He also weighed a single treating-source opinion from Roger Walcott, M.D. Tr. 51. Dr. Walcott opined that Plaintiff's impairments did not limit his exertional or postural functions. *Id.* The ALJ found the opinion "unrealistic," "conclusory," and "insufficient" to support his residual functional capacity (RFC) finding. *Id.* Dr. Walcott's opinion was the only opinion the ALJ evaluated in determining Plaintiff's RFC.

**LEGAL STANDARD**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla.

---

[4] This determines whether a claimant is disabled and, therefore, entitled to benefits. 20 C.F.R. § 404.1520(a)(4).

It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**DISCUSSION**

Plaintiff argues that remand is required because, among other things, the ALJ's RFC determination is unsupported by substantial evidence. ECF No. 11-1 at 13-16. The Court agrees and, therefore, does not consider Plaintiff's other arguments.

A claimant's RFC reflects what he "can still do despite . . . [his] limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). An ALJ considers "all of the relevant medical and other evidence" when he determines a claimant's RFC. 20 C.F.R. § 404.1545(a)(3).

An ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order). But "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). When an ALJ does not rely on a medical opinion to formulate the claimant's RFC, he must "provide a function-by-function analysis of [the claimant]'s work-related capacity." *Ford v. Colvin*, No. 12-CV-301A, 2013 WL 4718615, at *8 (W.D.N.Y. Sept. 3, 2013).

Here, the ALJ neither based the RFC on a medical opinion nor performed a function-by-function analysis of Plaintiff's work-related capacity. Instead, he interpreted raw medical evidence and Plaintiff's subjective symptoms to determine his RFC. Tr. 50 ("The overall impression from the record is that most of the claimant's disorders . . . have not progressed much[.]"); *id.* ("[W]hile

I find [Plainitiff's COPD] to cause more than minimal effect on work activity . . . ."); *id.* ("[T]here are no current clinical signs of the claimant's alleged Raynaud's disease."). At times, the ALJ did reference findings from Plaintiff's treating sources, which he is entitled to do. But his decision is riddled with references to their medical findings followed by *his* interpretation of those findings. He should have, instead, weighed their opinions against the record as a whole and determined Plaintiff's RFC based on them and the consistent medical evidence. He did not do so, which was legal error.

The Court's conclusion is further supported by the fact that the ALJ assigned the only medical opinion he reviewed little weight. Tr. 51. In fact, as explained above, the ALJ specifically concluded that the opinion was insufficient to support his RFC finding, "unrealistic," and "conclusory." Tr. 51.

Without the requisite medical opinion or functional analysis, the Court is left to conclude that the ALJ determined Plaintiff's RFC by interpreting his medical records himself. Such a determination constitutes legal error requiring remand. *E.g.*, *Lowe v. Colvin*, No. 6:15-CV-06077 (MAT), 2016 WL 624922, at *7 (W.D.N.Y. Feb. 17, 2016) (remanding because, *inter alia*, the ALJ gave little weight to the only medical opinion and interpreted raw medical data to determine the RFC); *Goble v. Colvin*, No. 15-CV-6302 CJS, 2016 WL 3179901, at *6 (W.D.N.Y. June 8, 2016) ("[T]he ALJ's RFC determination must be supported by [a] competent medical opinion; the ALJ is not free to form his own medical opinion based on the raw medical evidence").

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 11, is GRANTED, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 13, is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See*

*Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment for Plaintiff and close this case.

    IT IS SO ORDERED.

Dated: September 26, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court